UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

XAVIER PAYNE,

                Plaintiff,

v.

UNKNOWN ZUPON,

                Defendant.

_____/

Case No. 1:25-cv-596

Honorable Phillip J. Green

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.
In a separate order, the Court has granted Plaintiff leave to proceed *in forma
pauperis*.  Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil
Procedure, Plaintiff consented to proceed in all matters in this action under the
jurisdiction of a United States Magistrate Judge.  (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison
Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant
to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court is
required to conduct this initial review prior to the service of the complaint.  *See In re
Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v.
Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).  Service of the complaint on the
named defendants is of particular significance in defining a putative defendant's
relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c).  Because the named Defendant has not yet been served, the undersigned concludes that he is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way he is not a party who will be served with or given notice of this opinion.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

## I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan.  The events about which he complains occurred there.  Plaintiff sues ICF Library Technician Unknown Zupon in his personal capacity.  (Compl., ECF No. 1, PageID.2.)

On January 26, 2025, Plaintiff had a scheduled law library session.  (*Id.*, PageID.3.)  Plaintiff contends that he had a deadline to meet to respond to a summary judgment motion in Case No. 2:23-cv-11025. (*Id.*)  That case number corresponds to *Payne v. Collrin*, a pending case in the United States District Court for the Eastern District of Michigan.

Plaintiff alleges that during his session, Defendant refused to make photocopies of Plaintiff's response, as well as "relevant documents/attachments that could not be reproduced by hand (medical records, misconduct reports, [etc])."  (*Id.*)  After Defendant refused, Plaintiff "tried to explain and showed him a valid[,] up to date Judge's order" and asked that the photocopies be made.  (*Id.*)  At that point, Defendant said, "I don't care about you or your lawsuits.  You shouldn't have filed them in the first place."  (*Id.*)  Defendant also expressed, "I hate prisoners that file lawsuits anyway[; you're] all a pain in the ass."  (*Id.*)  Defendant then terminated Plaintiff's law library session early and threatened to write Plaintiff a misconduct ticket for threatening behavior, insolence, or disobeying a direct order if Plaintiff did not immediately leave the law library.  (*Id.*)

4

Plaintiff has filed a supplement to his complaint to "verify/declare the truth of [his] allegations" and to "be more specific about the dialogue that took place and the sequences." (ECF No. 4, PageID.13.)  In this supplement, Plaintiff clarifies that after Defendant expressed, "I hate prisoners that file lawsuits anyway[;] you're all a pain in the ass," Plaintiff responded, "I'm not trying to be a pain but what I'm asking you to do is required so I can respond, and I have a Judge's order.  I'm afraid that if you don't make my photocopies I'm going to be forced to file a grievance and potentially sue you." (*Id.*, PageID.14–15.)  Defendant then got angry and "abrasively replied, 'Are you threatening me?!'" (*Id.*, PageID.15.)  Defendant then terminated Plaintiff's law library session early and threatened to write the misconduct ticket if Plaintiff did not leave the law library immediately. (*Id.*)

Plaintiff indicates that he is asserting First Amendment access to the courts and retaliation claims against Defendant.  (*Id.*)  Plaintiff seeks $100,000.00 in compensatory damages and $150,000.00 in punitive damages.  (Compl., ECF No. 1, PageID.5.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must

determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The Court has construed Plaintiff's complaint to assert First Amendment access to the courts and retaliation claims.

### A.    Access to the Courts

To state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992).  In other words, a plaintiff must plead that the defendant's actions have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.  "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).  Moreover, the underlying action must have asserted a non-frivolous claim.  *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."  *Christopher v.*

*Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3).  "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 415.

Here, Plaintiff references Case No. 2:23-cv-11025, which corresponds to *Payne v. Collrin*, No. 2:23-cv-11025, a pending action in the United States District Court for the Eastern District of Michigan.  That action is a prisoner civil rights action in which Plaintiff faults Collrin for violating his Eighth Amendment rights by failing to protect him from an assault by another inmate.  *See* Compl., *Payne v. Collrin*, No. 2:23-cv-11025 (E.D. Mich.) (ECF No. 1).  Plaintiff, therefore, has sufficiently alleged an underlying cause of action that is contemplated by *Lewis*.

Plaintiff, however, fails to allege any *facts* suggesting a lost remedy in that action.  A review of the docket for *Payne v. Collrin* shows that Plaintiff filed a response to Collrin's motion for summary judgment on February 19, 2025.  *See* Resp., *id* (ECF No. 31, PageID.193).  On April 15, 2025, a magistrate judge entered a Report and Recommendation (R&R) addressing the motion for summary judgment.  *See* R&R, *id.* (ECF No. 33).  The R&R is still pending before the assigned district judge.  In light of the fact that Plaintiff was able to file his response and the fact that *Payne v. Collrin* is still pending before the Eastern District, Plaintiff fails to sufficiently allege any lost remedy from Defendant's refusal to photocopy his documents on January 26, 2025.  Accordingly, Plaintiff's First Amendment access to the courts claim will be dismissed.

8

## B. Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff engaged in protected conduct by filing *Payne v. Collrin*, 2:23-cv-11025, in the Eastern District of Michigan. *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). Moreover, in *Bell*, the United States Court of Appeals for the Sixth Circuit recognized that protected conduct also "encompasses a prisoner's efforts to access the courts in . . . civil rights claims." *Id.* Thus, the Court concludes that Plaintiff was also engaged in protected conduct on January 26, 2025, when he was using the law library at ICF to attempt to have photocopies made of his response to a motion for summary judgment. Furthermore, Plaintiff engaged in protected conduct when he threatened to file a grievance against Defendant. *See Pasley v. Conerly*, 345 F. App'x 981, 984–85 (6th Cir. 2009).

9

To establish the second element of a retaliation claim, a prisoner-plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell*, 308 F.3d at 606 (emphasis in original). Here, Plaintiff's complaint can be construed to assert three potential adverse actions taken by Defendant: (1) refusing to make photocopies of Plaintiff's response; (2) terminating Plaintiff's law library time; and (3) threatening to issue a misconduct ticket. The Court considers each in turn below.

### 1.    Refusal to Make Photocopies

Plaintiff contends that Defendant refused to make copies of his response to the motion for summary judgment and supporting exhibits on January 26, 2025. (Compl., ECF No. 1, PageID.4.) According to Plaintiff, Defendant refused and said, "I don't care about you or your lawsuits. You shouldn't have filed them in the first place." (*Id.*) Defendant also said, "I hate prisoners that file lawsuits anyway[; you're] all a pain in the ass." (*Id.*)

While Plaintiff has alleged facts suggesting that Defendant refused to make the photocopies solely because of Plaintiff's litigation activity, Plaintiff's allegations do not rise to the level of adverse action. The Sixth Circuit has noted that a refusal to make photocopies on one occasion does not rise to the level of adverse action necessary to maintain a First Amendment retaliation claim. *See Smith v. Yarrow*, 78

F. App'x 529, 541 (6th Cir. 2003) ("Plaintiff does not allege that he was systematically denied the use of library equipment in proceeding with his case; rather he alleges only one incident.  An isolated incident such as this is not likely to deter a person of ordinary firmness from pressing on with his lawsuit.").  Moreover, the fact that Plaintiff is proceeding with his lawsuit in the Eastern District "offers some probative evidence that [Defendant's] conduct was not a sufficient deterrent under the objective standard."  *Id.* at 541 n.8.  Accordingly, the Court will dismiss Plaintiff's retaliation claim against Defendant premised upon Defendant refusing to provide photocopies to Plaintiff.

### 2.     Terminating Law Library Time

In his complaint, Plaintiff alleges that after he tried to ask Defendant a second time for the photocopies and after he threatened to file a grievance, Defendant ultimately terminated Plaintiff's law library session early.  (Compl., ECF No. 1, PageID.4; ECF No. 4, PageID.15.)  While consistent, repeated denial of access to the law library can rise to the level of adverse action, *see Lewis v. Clark*, 577 F. App'x 786, 799 (10th Cir. 2014), the Sixth Circuit has suggested that "denial of access to the law library on one occasion" is too *de minimis* to constitute adverse action, *See Meeks v. Schofield*, 625 F. App'x 697, 702 (6th Cir. 2015).  If being denied complete access on one occasion does not constitute adverse action, then having one's scheduled time cut short on one occasion certainly does not rise to the level of adverse action.  The Court, therefore, will dismiss Plaintiff's retaliation claim against Defendant premised upon Plaintiff's law library time being cut short.

### 3.    Threatening to Issue a Misconduct Ticket

Plaintiff also alleges that Defendant threatened to issue him a misconduct ticket for threatening behavior, insolence, or disobeying a direct order if Plaintiff did not leave the law library immediately as directed.  (Compl., ECF No. 1, PageID.4.)

Plaintiff's complaint, however, is devoid of facts suggesting that Defendant threatened to issue a misconduct ticket because of Plaintiff's protected conduct.  The threat to issue a misconduct ticket is tied to Defendant's directive that Plaintiff leave the law library, not Plaintiff's threat to file a grievance against Defendant if he did not photocopy the requested materials.  While Plaintiff does have a right to access the courts, that right has never been equated to unlimited access to legal materials and assistance.  *See Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

In any event, the facts alleged by Plaintiff fail to rise to the level of adverse action sufficient to maintain a retaliation claim.  The Court recognizes that the Sixth Circuit has held that "the mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation."  *Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004).  The *Scott* court also recognized that "the false issuance of a misconduct charge is unconstitutional retaliation."  *Id.*  This Court, however, has recently held that *Scott* is not applicable when a defendant "[does] not issue Plaintiff a misconduct ticket, let alone a false misconduct ticket."  *Ali v. Knight*, No. 1:22-cv-287, 2024 WL 5497922, at *11 (W.D. Mich. Dec. 9, 2024), *R&R adopted by* 2025 WL 957176 (W.D. Mich. Mar. 31, 2025).  Instead, this Court noted that *Scott* "does not hold that a mere threat to file a misconduct ticket is sufficiently adverse to deter the exercise of First Amendment rights.  *See id.* (citing *Cottrell v. Hamlin*, No. 2:20-cv-

12

12886, 2021 WL 2822932, at *1–2 (E.D. Mich. July 7, 2021)).  Here, Plaintiff has not alleged any facts suggesting that Defendant threatened to issue a false misconduct ticket, but instead was telling Plaintiff what the consequences would be if he did not leave the law library as directed.  This threat "without following through and actually filing the charge [ . . .] was a *de minimis*, literally inconsequential statement that would not deter a person of ordinary firmness from exercising his rights."  *Cottrell*, 2021 WL 2822932, at *2.  Plaintiff, therefore, cannot maintain a retaliation claim against Defendant premised upon Defendant's threat to issue Plaintiff a misconduct ticket.

In sum, Plaintiff has not alleged facts suggesting that any of the actions taken by Defendant rose to the level of sufficient adverse action for purposes of the First Amendment.  Accordingly, Plaintiff's retaliation claims will also be dismissed.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reason the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good

faith.  Should Plaintiff appeal this decision, the Court will assess the full appellate

filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

    A judgment consistent with this opinion will be entered.


Dated:  June 9, 2025                           /s/ Phillip J. Green
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge